**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE MAYTA, | No. 11-70772 |
| Petitioner, | Agency No. A076-868-372 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2014
San Francisco, California

Before: BERZON and RAWLINSON, Circuit Judges, and BUCKLO, Senior
District Judge.**

    Petitioner Jorge Mayta petitions for review of a decision of the Board of

Immigration Appeals (BIA) dismissing his appeal from the denial of his

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **     The Honorable Elaine E. Bucklo, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

This court lacks jurisdiction to review the BIA's ruling on the timeliness of Mayta's asylum application because Mayta does not raise a constitutional claim or a question of law, and the facts are disputed. *See Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (limiting our jurisdiction over discretionary decisions to constitutional claims or questions of law); *Tamang v. Holder*, 598 F.3d 1083, 1089 (9th Cir. 2010) (limiting our jurisdiction over the "extraordinary circumstances" exception to the timeliness requirement to cases where the facts are <u>not</u> disputed).

Substantial evidence supports the finding that Mayta is ineligible for withholding of removal because he "ordered, incited, assisted, or otherwise participated in" the persecution of others. 8 U.S.C. § 1101(a)(42); *see also* 8 U.S.C. § 1231(b)(3)(B)(i); 8 C.F.R. §§ 208.16(d)(2), 1208.16(d)(2); *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 918-19 (9th Cir. 2006). Where the evidence indicates that an applicant is barred from obtaining relief in the form of withholding of removal, the applicant has the burden of proof "to show by a preponderance of the evidence" that the bar does not apply. *Miranda Alvarado*, 449 F.3d at 930; 8 C.F.R. § 208.16(d)(2).

Mayta's original asylum declaration, in which he stated that he served as a lookout while Shining Path members "eliminate[d]" critics of the group on three separate occasions in 1992, was *prima facie* evidence that Mayta was ineligible for relief under the persecutor bar. Mayta failed to meet his burden of proving by a preponderance of the evidence that the bar did not apply to him. The only evidence he presented to rebut the original declaration was a second declaration and his own testimony attempting to explain that the original declaration was erroneously translated. The IJ did not credit that explanation.

Substantial evidence supports the agency's adverse credibility finding because Mayta's version of events changed multiple times, and the IJ disbelieved the reason he gave for the inconsistences between his original declaration under oath, and his later declaration and testimony.

Assuming, without deciding, that there is a duress exception to the persecutor bar, *see Negusie v. Holder*, 555 U.S. 551, 522-23 (2009), Mayta also has not shown that he participated in persecution under duress. The only evidence Mayta presented that he was "pressured" to continue participating in Shining Path activities was his own uncorroborated testimony, which again, the agency validly found not credible.

The denial of CAT relief is also supported by substantial evidence because Mayta has not carried his burden to show that it is "more likely than not" that he would be tortured by or with the acquiescence of the Peruvian government if he returns to Peru. *Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION DENIED.**